UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACKSONVILLE POLICE AND FIRE PENSION FUND, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., MARTIN SULLIVAN, STEVEN BENSINGER, JOSEPH CASSANO, and ROBERT LEWIS,<br><br>        Defendants. | Case No. 08 Civ. 4772 (LTS)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: MAR 2 0 2009 |
| JAMES CONNOLLY, Individually and on Behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN INTERNATIONAL GROUP, MARTIN J. SULLIVAN, STEVEN J. BENSINGER, JOSEPH J. CASSANO, ROBERT E. LEWIS, and DAVID L. HERZOG,<br><br>        Defendants. | Case No. 08 Civ. 5072 (LTS) |

1

| | |
|---|---|
| MAINE PUBLIC EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, ) ) ) ) | Case No. 08 Civ. 5464 (LTS) |
| Plaintiff, ) ) ) | |
| v. ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., MARTIN SULLIVAN, STEVEN BENSINGER, JOSEPH CASSANO, and ROBERT LEWIS, ) ) ) ) ) ) | |
| Defendants. ) | |
| ONTARIO TEACHERS' PENSION PLAN BOARD, on behalf of itself and all others similarly situated, ) ) ) ) | Case No. 08 Civ. 5560 (LTS) |
| Plaintiff, ) ) ) | |
| v. ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., MARTIN SULLIVAN, STEVEN BENSINGER, JOSEPH CASSANO, and ROBERT LEWIS, ) ) ) ) ) | |
| Defendants. ) ) | |
| MARGARET CARROLL, on behalf of herself and all others similarly situated, ) ) ) | Case No. 08 Civ. 8659 (LTS) |
| Plaintiffs, ) ) ) | |
| v. ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., CITIGROUP GLOBAL MARKETS INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED (now known as MERRILL LYNCH & CO., INC.), MORGAN STANLEY & CO. INCORPORATED, UBS SECURITIES LLC, WACHOVIA CAPITAL MARKETS, LLC, BANC OF AMERICA SECURITIES LLC, BEAR, STEARNS & CO., INC., THE BEAR STEARNS COMPANIES LLC, RBC CAPITAL MARKETS, WELLS ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| FARGO SECURITIES, MARTIN J. ) | |
| SULLIVAN, STEVEN BENSINGER, ) | |
| MARSHALL A. COHEN, MARTIN S. ) | |
| FELDSTEIN, ELLEN V. FUTTER, ) | |
| STEPHEN L. HAMMERMAN, RICHARD ) | |
| C. HOLBROOKE, FRED H. ) | |
| LANGHAMMER, GEORGE L. MILES, JR.) | |
| MORRIS W. OFFIT, HAMES F. ORR III, ) | |
| VIRGINIA M. ROMETTY, MICHAEL H. ) | |
| SUTTON, EDMUND S.W. TSE, ROBERT ) | |
| W. WILLUMSTAD, FRANK G. ZARB, ) | |
| and DAVID L. ZERHOG, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| HARRIET BERNSTEIN and JANET ) | Case No. 08 Civ. 9162 (LTS) |
| LEVINE COTTER, on behalf of themselves ) | |
| And all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN INTERNATIONAL GROUP, ) | |
| INC., CITIGROUP GLOBAL MARKETS ) | |
| INC., MERRILL LYNCH, PIERCE, ) | |
| FENNER & SMITH, INCORPORATED ) | |
| (now known as MERRILL LYNCH & CO., ) | |
| INC.) MORGAN STANLEY & CO. ) | |
| INCORPORATED, UBS SECURITIES ) | |
| LLC, WACHOVIA CAPITAL MARKETS, ) | |
| LLC, BANC OF AMERICA SECURITIES ) | |
| LLC, BEAR STEARNS & CO., INC., THE ) | |
| BEAR STEARNS COMPANIES LLC, RBC) | |
| CAPITAL MARKETS, WELLS FARGO ) | |
| SECURITIES, MARTIN J. SULLIVAN, ) | |
| STEVEN BENSINGER, MARSHALL A. ) | |
| COHEN, MARTIN S. FELDSTEIN, ) | |
| ELLEN V. FUTTER, STEPHEN L. ) | |
| HAMMERMAN, RICHARD C. ) | |
| HOLBROOKE, FRED H. ) | |
| LANGHAMMER, GEORGE L. MILES, ) | |
| JR., MORRIS W. OFFIT, JAMES F. ORR ) | |
| III, VIRGINIA M. ROMETTY, MICHAEL ) | |
| H. SUTTON, EDMUND S.W. TSE, ) | |

| | |
|---|---|
| ROBERT W. WILLUMSTAD, FRANK G. ZARB, and DAVID L. HERZON,　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendants.　　　)<br>_____)<br>FIRE AND POLICE PENSION　　　　)<br>ASSOCIATION OF COLORADO, and M. )<br>CLAY RAGSDALE, IV on behalf of　)<br>themselves and all others similarly situated, )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Plaintiffs,　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>AMERICAN INTERNATIONAL GROUP, )<br>INC., MARTIN SULLIVAN, STEVEN　)<br>BENSINGER, DAVID L. HERZOG,　　)<br>STEPHEN F. BOLLENBACH, PEI-YUAN )<br>CHIA, MARSHALL A. COHEN, MARTIN )<br>S. FELDSTEIN, ELLEN V. FUTTER,　)<br>STEPHEN L. HAMMERMAN, RICHARD )<br>C. HOLBROOKE, FRED H.　　　　　)<br>LANGHAMMER, GEORGE L. MILES,　)<br>JR., MORRIS W. OFFIT, JAMES F. ORR )<br>III, VIRGINIA M. ROMETTY, MICHAEL )<br>H. SUTTON, S.W. TSE, ROBERT B.　)<br>WILLUMSTAD, FRANK G. ZARB, A.G. )<br>EDWARDS & SONS, INC., ANZ　　　)<br>SECURITIES, B.C. ZIEGLER & CO.,　)<br>BANC OF AMERICA SECURITIES LLC, )<br>BARCLAYS CAPITAL, BB&T CAPITAL )<br>MARKETS, JPMORGAN CHASE & CO., )<br>BLAYLOCK & CO., INC. BMO CAPITAL)<br>MARKETS, BOSC, INC., C.L. KING &　)<br>ASSOCIATES, INC., CHARLES　　　)<br>SCHWAB & CO., CITIGROUP GLOBAL )<br>MARKETS, INC., CITY SECURITIES　)<br>CORPORATION, CREDIT SUISSE　　)<br>SECURITIES (USA) LLC, CROWELL　)<br>WEEDON & CO., D.A. DAVIDSON &　)<br>CO., DAIWA SECURITIES AMERICA　)<br>INC., DAIWA SECURITIES SMBC　　)<br>EUROPE LTD., DAVENPORT &　　　)<br>COMPANY LLC, DEUTSCHE BANK　)<br>SECURITIES INC., DOLEY SECURITIES,)<br>DOWLING & PARTNERS SECURITIES, )<br>LLC, FERRIS BAKER WATTS,　　　)<br>INCORPORATED, FIDELITY CAPITAL )| Case No. 08 Civ. 10586 (LTS) |

| | |
|---|---|
| MARKETS, FIXED INCOME | ) |
| SECURITIES, LP, FOX-PITT KELTON | ) |
| COCHRAN CARONIA WALLER (USA) | ) |
| LLC, GOLDMAN SACHS & CO., | ) |
| GREENWICH CAPITAL MARKETS, | ) |
| INC., GUZMAN & COMPANY, H&R | ) |
| BLOCK FINANCIAL ADVISORS, INC., | ) |
| HSBC SECURITIES (USA) INC., J.J.B. | ) |
| HILLIARD, W.L. LYONS, INC., J.P. | ) |
| MORGAN SECURITIES INC., JANNEY | ) |
| MONTGOMERY SCOTT LLC, | ) |
| JEFFERIES & COMPANY, INC., KEEFE, | ) |
| BRUYETTE & WOODS, INC., KEYBANC | ) |
| CAPITAL MARKETS INC., LOOP | ) |
| CAPITAL MARKETS, LLC, MAXIM | ) |
| GROUP, LLC, MERRILL LYNCH, | ) |
| PIERCE, FENNER & SMITH | ) |
| INCORPORATED, MESIROW | ) |
| FINANCIAL, INC., MITSUBISHI UFJ | ) |
| SECURITIES INTERNATIONAL PLC, | ) |
| MIZUHO SECURITIES USA INC., | ) |
| MORGAN KEEGAN & COMPANY, INC., | ) |
| MORGAN STANLEY & CO., | ) |
| INCORPORATED, MURIEL SIEBERT & | ) |
| CO., INC., NATIONAL AUSTRALIA | ) |
| CAPITAL MARKETS, LLC, | ) |
| OPPENHEIMER & CO., PERSHING LLC, | ) |
| PIPER JAFFRAY & CO., RAYMOND | ) |
| JAMES & ASSOCIATES, INC., RBC | ) |
| DAIN RAUSCHER, ROBERT W. BAIRD | ) |
| & CO., RYAN BECK & CO., SAMUEL A. | ) |
| RAMIREZ & CO., INC., SCOTIA | ) |
| CAPITAL (USA) INC., SG AMERICAS | ) |
| SECURITIES LLC, STIFEL, NICOLAUS | ) |
| & COMPANY, INCORPORATED, | ) |
| STONE & YOUNGBERG LLC, | ) |
| SUNTRUST CAPITAL MARKETS, INC., | ) |
| TD AMERITRADE, INC., THE | ) |
| WILLIAMS CAPITAL GROUP, L.P., | ) |
| TOUSSAINT CAPITAL PARTNERS, | ) |
| LLC, UBS SECURITIES LLC, | ) |
| UTENDAHL CAPITAL PARTNERS, L.P., | ) |
| VINING-SPARKS IBG, L.P., WACHOVIA | ) |
| CAPITAL MARKETS LLC, WEDBUSH | ) |
| MORGAN SECURITIES INC., WELLS | ) |

| | |
|---|---|
| FARGO SECURITIES, LLC, WILLIAM ) <br> BLAIR & COMPANY, L.L.C., and ) <br> PRICEWATERHOUSECOOPERS LLP, ) <br> ) <br> Defendants. ) <br> ) | |
| EPSTEIN REAL ESTATE ADVISORY, ) <br> individually and on behalf of all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vi. ) <br> ) <br> BANK OF AMERICA CORPORATION, ) <br> BANC OF AMERICA SECURITIES LLC, ) <br> CITIGROUP GLOBAL MARKETS, INC., ) <br> UBS SECURITIES, LLC, WACHOVIA ) <br> CAPITAL MARKETS, LLC, RBC ) <br> CAPITAL MARKETS CORP., ) <br> BARCLAY'S CAPITAL, INC., ) <br> GOLDMAN SACHS & CO., CREDIT ) <br> SUISSE SECURITIES (USA) LLC, SG ) <br> AMERICAS SECURITIES, LLC, ) <br> DEUTSCHE BANK SECURITIES, INC., ) <br> NOMURA SECURITIES ) <br> INTERNATIONAL, INC., AMERICAN ) <br> INTERNATIONAL GROUP, INC. ) <br> MARTIN J. SULLIVAN, MICHAEL H. ) <br> SUTTON, EDMUND S.W. TSE, ROBERT ) <br> B. WILLUMSTAD, DAVID L. HERZON, ) <br> And STEVEN J. BENSINGER, ) <br> ) <br> Defendants. ) | Case No. 09 Civ. 428 (LTS) |

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

### ORDER CONSOLIDATING AIG SECURITIES ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING CO-LEAD COUNSEL

The Court is in receipt of a motion brought by the State Treasurer of the State of Michigan, Custodian of the Michigan Public School Employees Retirement System, State

Employees' Retirement System, Michigan State Police Retirement System, and Michigan Judges Retirement System ("SMRS"), pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B)(ii), as added by Section 101(a) of the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 ("PSLRA"), for an Order appointing SMRS as Lead Plaintiff in the litigation for all claims asserted in the above-captioned matters by purchasers of the securities of American International Group, Inc. ("AIG"), and approving SMRS' choice of counsel as lead counsel in this action. The Court has also received similar motions filed by Ontario Teachers' Pension Plan Board ("OTPP") and Stichting Pensioenfonds Zorg en Welzijn, as represented by PGGM Vermogensbeheer B.V. ("PGGM") (jointly, "OTPP/PGGM"), the KBC Group, City of Saginaw Police and Fire Pension Board ("Saginaw"), Oakland County, the Fogel Group, Harold H. Powell Trust U/A ("Powell Trust"), Herbert Rubin ("Rubin") and Epstein Real Estate Advisory ("Epstein"). The Court has thoroughly considered all memoranda, letters, declarations and exhibits submitted in connection with the above-identified motions. For substantially the reasons stated on record at the conference held in the chambers of the undersigned on March 13, 2009,

**IT IS HEREBY ORDERED THAT**:

A.     CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF

1. Pursuant to Fed. R. Civ. P. 42(a) and the PSLRA, the above-captioned actions are consolidated into Civil Action No. 08 Civ. 4772 (LTS) for all purposes including, but not limited to, discovery, pretrial proceedings and trial. The consolidated action shall be referred to collectively as <u>In re American International Group, Inc. Securities Litigation</u>, Master File No. 08 Civ. 4772 (LTS)(KNF) (the "Consolidated Securities Action").

2. Pursuant to the PSLRA, SMRS is appointed Lead Plaintiff in the AIG Securities Action for the proposed class of persons and entities who purchased or otherwise acquired AIG securities as alleged.

3. The motions filed in the above-captioned actions by OTPP / PGGM, the KBC Group, Saginaw, Oakland County, the Fogel Group, Powell Trust, Rubin and Epstein are hereby denied.

### B. APPOINTMENT OF CO-LEAD COUNSEL

1. SMRS' choice of co-lead counsel is approved. Accordingly, the law firms of Barrack Rodos & Bacine and the Miller Law Firm, P.C. are appointed Co-Lead Counsel for the Consolidated Securities Action.

2. Co-Lead Counsel in the Consolidated Securities Action shall manage the prosecution of the Consolidated Securities Action. Co-Lead Counsel shall avoid duplicative or unproductive activities and are hereby vested by the Court with responsibilities and duties that include, without limitation, the following:

(1) preparation of all pleadings;

(2) direction and coordination of the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court;

(3) the initiation and direction of discovery;

(4) the coordination of all communications with the defendants and the Court on behalf of the proposed class;

(5) preparation of the case for trial;

(6) trying of the actions, if required; and

(7) the engagement in settlement negotiations.

3. Co-Lead Counsel in the Consolidated Securities Action, along with the lead counsel separately appointed by the Court in the Consolidated ERISA Action, Master File No. 08 Civ. 5722, and the Consolidated Derivative Action, Master File No. 07 Civ. 10464, shall coordinate efforts, to the extent possible and consistent with their respective duties, to avoid duplication including, but not limited to, discovery, if necessary.

4. Defendants shall be entitled to rely on any agreements reached with either of the law firms designated herein as Co-Lead Counsel in the Consolidated Securities Action to the extent that such law firm represents to Defendants that, for any particular agreement, it has authority to speak for the other Co-Lead Counsel in the Consolidated Securities Action.

### C. MASTER DOCKET AND SEPARATE ACTION DOCKETS

1. A Master Docket is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them for pretrial purposes. Entries in said Master Docket shall be applicable to the Consolidated Securities Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

2. (a) When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically or manually file such pleading pursuant to this Court's Guidelines and Amended Instructions for Electronic Case Filing.

   (b) When a pleading or motion is electronically filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall electronically file such pleading or motion in the Master File only. Docket entries shall not be made to each separate action.

(c) When a pleading or motion is manually filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the parties shall submit to this Court the original pleading or motion for the Master File. No copies shall be submitted for each separate action. Upon receiving the original pleading or motion, the Clerk shall docket it to the Master File only. Docket entries shall not be made to each separate action.

### D. MASTER FILE AND SEPARATE ACTION FILES

1. A Master File is hereby established for the consolidated proceedings in the Consolidated Securities Action. The Master File shall be Civil Action No. 08 Civ. 4772 (LTS)(KNF). The original of this Order shall be docketed by the Clerk of Court in the Master File herein established.

2. The Clerk shall maintain a separate file for each of the Consolidated Securities Actions, and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by Section B of this Order. The Clerk shall docket a copy of this Order in each such separate file. Once the Clerk has docketed this Order, counsel of record in each of the Consolidated Securities Actions will receive a Notice of Electronic Filing.

### E. NEWLY FILED OR TRANSFERRED ACTIONS

1. When a class action that relates to the same subject matter as the Consolidated Securities Action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the cases identified in Section A above (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), except as provided below, and the Clerk of Court shall:

    (a)    Docket a copy of this Order in the file for newly filed or transferred actions.

    (b)    Make an appropriate entry in the Master Docket.

2. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

### F. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

1. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these securities actions, so long as AIG is named as a defendant in the action, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk notifies counsel for that party of this Order. The provisions of this Order shall apply to such action pending the Court's ruling on the application. However, for reasons stated at the Conference on March 13, 2009, the individual action <u>Maurice R. Greenberg v. American International Group, Inc. et al.</u>, No. 09 Civ. 1885 (LTS) shall not be consolidated with the Consolidated Securities Action at this time but will be coordinated with the Consolidated Securities Action for purposes of briefing any motion(s) to dismiss and any discovery.

2. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead or otherwise move with respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead or otherwise move with respect to any such complaint.

### G. CAPTIONS

1.  Every pleading or motion filed in the Consolidated Securities Action, and in any separate action included therein, shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____ x
IN RE AMERICAN                   :
INTERNATIONAL GROUP, INC.        :
SECURITIES LITIGATION            :     MASTER FILE
                                 :     08 Civ. 4772 (LTS)(KNF)
                                 :
This Document Relates To:        :
                                 :
                                 :
                                 :
_____ x
```

2.  When a pleading or motion is intended to be applicable to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading or motion is intended to apply to fewer than all of such actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

### H.   DISCOVERY AND FURTHER PROCEEDINGS

1.  All discovery taken in the Consolidated Securities Action will apply to any subsequently filed and consolidated action and the parties will not be required to repeat discovery already undertaken in the Consolidated Securities Action.

2.  Further proceedings in these consolidated actions will be conducted in accordance with applicable orders, federal and local court procedural rules and the Individual Practices Rules of the undersigned, including Rule 2.B. thereof.

This Order resolves docket entry nos. 8, 12, 15, 18, 21 in case no. 08 civ. 4772; docket entry nos. 12 and 16 in case no. 08 civ 5072; docket entry nos. 3 and 7 in case no. 08 civ. 5464; docket entry nos. 4, 7 and 9 in case no. 08 civ. 5560; docket entry nos. 5, 8, 12, and 36 in case no. 08 civ 8659; and docket entry nos. 4 and 25 in case no. 08 civ. 9162.

SO ORDERED.

Dated: New York, New York
March 20, 2009

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
United States District Judge